U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAY 1 1 2009

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| **DEXTER VASSAR** | **CIVIL ACTION NO. 06-1512** |
| versus | **JUDGE TRIMBLE** |
| **RICHARD STALDER, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by defendant James LeBlanc ("LeBlanc"),[1] who succeeded Richard Stalder ("Stalder") as Secretary of the Louisiana Department of Public Safety and Corrections in January of 2008 and is substituted for Stalder pursuant to Fed. R. Civ. P. 25(d). As explained herein below, the court finds that this motion should be GRANTED and that, accordingly, all remaining claims by plaintiff against defendant should be DISMISSED with prejudice.

I.  BACKGROUND

    *A.  Relevant Facts and Procedural History*

The facts which gave rise to this and several other related suits[2] have been recounted

---

[1] R. 74.

[2] Civil Actions No. 06-1509, 06-1510, 06-1511, 06-1632, 06-1633, 06-1634.

1

extensively by the court in prior rulings[3] and, for that reason, we do not repeat them here. As argued by defendant, this court has previously dismissed all claims against defendant except plaintiff's claims for injunctive relief under 42 U.S.C. § 1983 and for attorney fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976.[4] All other named defendants were dismissed from this suit on November 12, 2008 pursuant to a joint and voluntary motion by all parties.[5] Thus, the only remaining claims for our consideration are for injunctive relief and for attorney fees.

Defendant's motion asserts that plaintiff's claim for injunctive relief is now moot because plaintiff is no longer incarcerated at Jena Correctional Facility and, moreover, that temporary facility has been permanently closed since 2005. Defendant's motion further asserts that plaintiff's only other remaining claim is for attorney fees and he is not entitled to them under the law because he is acting pro se.

### B.    *Applicable Standard*

Fed. R. Civ. P. 56 provides that a party claiming relief or defending against such relief may move for summary judgment as to all or a portion of the claims at issue between them.[6] The court should grant summary judgment when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

---

[3]See R. 35.

[4]

[5]R. 66, 67.

[6]Fed. R. Civ. P. 56(a), (b).

2

material fact and that the movant is entitled to judgment as a matter of law."[7]

The movant bears the burden of demonstrating that no genuine issue of material fact exists.[8] If the dispositive issue is one as to which the nonmoving party will bear the burden of proof at trial, the moving party may simply point out insufficiency of evidence concerning any essential element of the nonmoving party's claim, after which the burden shifts to the nonmoving party to set out specific facts by submission or reference to supporting evidence which demonstrate that a genuine issue of material fact exists.[9] While a nonmoving party may satisfy its burden with evidence which may ultimately be inadmissible at trial, it may not rest upon the pleadings in response to a summary judgment challenge.[10] The facts and supporting evidence submitted must demonstrate more than some "metaphysical doubt," "conclusory allegation" or "unsubstantiated assertion."[11]

Local Rule 56.1 provides that "every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.2 provides that every opposition to a motion for summary judgment shall contain a "separate, short and

---

[7] Fed. R. Civ. P. 56(c).

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[9] Id. at 322-24.

[10] Fed. R. Civ. P. 56(e); Id. at 325.

[11] Id.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 261 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

concise statement of material facts as to which there exists a genuine issue to be tried" and all material facts set forth in the moving party's statement are deemed admitted by the nonmoving party unless controverted in the nonmoving party's own statement of material facts.

The court must consider all evidence submitted, but shall not weigh credibility.[12] The court shall, however, view all evidence in the light most favorable to the nonmoving party.[13] If the movant fails to meet its initial burden, the motion must be denied. If the movant meets its initial burden, but the nonmoving party fails to meet its burden, the motion must be granted.[14] The mere fact that the parties have filed cross-motions for summary judgment does not warrant that the court grant either motion if the record reflects the existence of one or more genuine issues of material fact.

## II. ANALYSIS

In order to demonstrate standing to assert a claim for injunctive relief, a plaintiff must show that he would directly benefit from the relief sought and must therefore show that he faces a threat of either present or future harm.[15] When, as here, plaintiff's prayer for injunctive relief is based on past alleged harm, plaintiff will have standing only if he can

---

[12] Anderson, 477 U.S. at 255.

[13] Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987).

[14] Fed. R. Civ. P. 56(e).

[15] Plumley v. Landmark Chevrolet, 122 F.3d 308, 312 (5th Cir. 1997) (citing Hoepfl v. Barlow, 906 F. Supp. 317, 321 (E.D. Va. 1995)).

show the existence of a real or immediate threat that he will be harmed again.[16]

Our review of plaintiff's complaint reveals, as argued by defendant, that his prayer for injunctive relief is as follows: "injunctive relief to insure the constitutional treatment of prisoners."[17] The treatment of prisoners upon which this prayer is based occurred at Jena and, as argued by defendant, that facility was closed in 2005 and remains closed today.[18] Plaintiff is now incarcerated at Bossier Medium Security Jail, which is operated by the Bossier Parish Sheriff, rather than the Louisiana Department of Public Safety and Corrections.[19]

Plaintiff's response in opposition to the motion does not present summary judgment evidence which demonstrates the existence of any threat of present or future harm at Jena. Construing the record before us in the light most favorable to the nonmoving party, plaintiff, the court finds that no genuine issue of material fact exists which, if decided in favor of plaintiff, would entitle him to relief upon this claim. Accordingly, the court finds that defendant's motion for summary judgment as to plaintiff's claim for injunctive relief should be granted.

Turning to plaintiff's remaining claim for attorney fees, the court finds, as argued by defendant, that plaintiff is not entitled to attorney fees because he is acting pro se in this civil

---

[16] Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

[17] R. 1-1 at p. 11.

[18] R. 74-4 at p. 9 (citing R. 74-5 at p. 84).

[19] R. 73.

rights matter.[20] Additionally, it appears from plaintiff's response that he is no longer claiming entitlement to attorney fees.[21] The court finds, therefore, that defendant's motion for summary judgment as to plaintiff's remaining claim for attorney fees should be granted.

Plaintiff's opposition to defendant's motion argues that summary judgment is improper based on two theories: (1) that defendant has admitted liability by virtue of certain settlement documents[22] and (2) medical evidence attached to his memorandum in opposition proves that he was injured while incarcerated at Jena.[23]

Federal Rule of Evidence 408 provides that offers of settlement or compromise are inadmissible for the purpose of proving liability. Were this not the case, the court would still reject any such evidence as a basis for denial of summary judgment for two reasons: (1) this evidence does not relate to either of the two claims still before this court and (2) the settlement document attached to plaintiff's memorandum in opposition specifically states that it is not an admission of liability in this case.[24] Accordingly, we reject this argument by plaintiff and do not find that it provides a basis for the denial of summary judgment as requested by defendant.

---

[20] Kay v. Ehrler, 499 U.S. 432 (1991).

[21] R. 77 at p. 3.

[22] Id. at p. 2.

[23] Id.

[24] R. 77-2 at p. 2, ¶ 4.

Plaintiff also submits medical evidence[25] which he argues proves that he suffered a skull fracture during his stay at Jena and not, as defendant argues, at some time prior to his arrival at Jena.[26] The court finds that the medical evidence submitted by plaintiff is insufficient to fend off summary judgment in this case. As stated above, the only remaining questions before this court concern injunctive relief and attorney fees. Construing plaintiff's claims broadly as we are bound to do, we do not find that, when the evidence is viewed most favorably to plaintiff, it entitles plaintiff to injunctive relief. Again, the Jena facility has been permanently closed and plaintiff has demonstrated no real immediate or future risk of harm from personnel at that facility.

### III. CONCLUSION

As explained above, the court finds that summary judgment should be granted in defendant's favor as to plaintiff's remaining claims for injunctive relief and attorney fees. Plaintiff's claim for injunctive relief from allegedly harsh treatment at Jena is now moot given the permanent closure of that facility. Moreover, plaintiff has failed to demonstrate any immediate or future harm as to which injunctive relief may apply. Additionally, plaintiff, acting pro se in this civil rights matter and previously represented pro bono in this matter, is not entitled to an award of attorney fees.

Given these findings, the court concludes that defendant's motion for summary judgment should be granted in its entirety and all remaining claims against defendant should

---

[25] R. 77-3.

[26] R. 77 at p. 2.

be dismissed. The court will issue a judgment reflecting these findings.

**Alexandria, Louisiana**
**May 11, 2009.**

*/s/ James Trimble*
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**